IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER TERRY,

    Plaintiff,
v.                                                                 CASE NO. 1:17-cv-2-MW-GRJ

LEVY COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* civil rights complaint and has been granted leave to proceed as a pauper by separate order. Plaintiff has filed a First Amended Complaint, ECF No. 9, which is before the Court for screening pursuant to 28 U.S.C. § 1915(e). Section 1915(e)(2) provides that the Court shall dismiss the complaint if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The Complaint stems from the medical care that Plaintiff received while he was detained at the Levy County Jail. Plaintiff alleges that on November 3, 2016, he passed out while using the bathroom. Within approximately 15 minutes he was surrounded by EMS and transported to UF/Shands Hospital. At the hospital, the emergency department physician

ordered an EKG. After the physician received the results, Plaintiff was discharged with orders to see a cardiologist.

On November 15, 2016, Plaintiff experienced a "massive headache" for which he was given Tylenol. Plaintiff subsequently passed out in the shower, where he was discovered by Officer Freeman. In an apparent effort to revive Plaintiff, Freeman punched him in the chest, causing a hematoma on Plaintiff's chest. Plaintiff was taken to medical and placed in a wheelchair. Plaintiff alleges that "medical treatment was denied," and he was placed in an isolation cell where he began to vomit and was lightheaded and dizzy. He asked officers for help but was told "there is nothing wrong with you. You have the FLU, lay down and go to sleep." Plaintiff alleges that he sat in the wheelchair all night vomiting with his head pounding. The next day, he was taken to a court appearance for sentencing despite being disoriented and dizzy. Plaintiff alleges that he did not understand what was going on due to his medical status and informed his attorney of such, but was sentenced anyway instead of being granted a continuance.

Plaintiff contends that the physician at Shands did not render proper treatment following the cardiac event on November 3. He further contends

that on November 15, jail officials refused him competent medical care, telling him that nothing was wrong with him.  Finally, Plaintiff contends that his counsel disregarded his medical status and allowed Plaintiff to be sentenced.  Plaintiff seeks compensatory and punitive damages, as well as other relief.  ECF No. 9.

In any section 1983 action, two essential elements must be present:

1. conduct by a person acting under color of state law; and

2. the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986); *Griffin v. City of Opa–Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment.  "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588

F.3d 1291, 1306–07 (11th Cir. 2009).  To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

With respect to the November 3 cardiac event, Plaintiff has failed to allege facts showing that any jail personnel were deliberately indifferent to his needs.   Rather, his factual allegations establish that jail personnel immediately transported him to the hospital emergency department.  Further, even if the hospital emergency physician could be considered a "state actor" for purposes of liability under § 1983, Plaintiff has alleged no facts showing that his treatment at the hospital amounted to a constitutional violation.  Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference.  *Hamm v. DeKalb County*, 774 f.2d 1567,

1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong,* 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").

Plaintiff's assertion that the emergency physician should have provided additional treatment reflects nothing more than a disagreement with the physician's professional judgment. His factual allegations do not state a cognizable deliberate-indifference claim with respect to the November 3 incident.

With respect to the November 15 incident, Plaintiff's factual

allegations do not suggest that any jail personnel disregarded a serious medical need.  Rather, his factual allegations support a conclusion that jail personnel treated him for acute flu symptoms, including headache and vomiting, by providing him with Tylenol and placing him in an isolation cell to rest.  While the officer's attempt to revive him in the shower by striking him in the chest may have been misguided, the facts alleged do not show that the officer was deliberately indifferent to Plaintiff.  Nor do the facts alleged suggest that Plaintiff could proceed against Officer Freeman on some other theory, such as excessive force.  To prevail on an excessive force claim against a prison official, an inmate must establish both a subjective and objective component.  *Id.* at 8; *Johnson v. Moody*, 206 F. App'x 880, 883 (11th Cir. 2006).  The subjective component requires proof that the prison official acted "with a sufficiently culpable state of mind." *Id.* The objective component requires proof that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson*, 503 U.S. at 9).  Generally, *de minimis* uses of physical force and *de minimis* injuries do not give rise to a constitutional claim. *Id.* at 38 (citing *Hudson*, 503 U.S. at 9–10).  "Eighth Amendment claims based on *de minimis* uses

of physical force by prison guards are not cognizable unless they involve 'force that is repugnant to the conscience of mankind.'" *Johnson*, 206 F. App'x at 884–85 (quoting *Hudson*, 503 U.S. at 9–10). In this case, the facts alleged show nothing more than Officer Freeman's attempt to revive Plaintiff, which resulted in bruising to his chest. There are no facts suggesting that the officer acted with a culpable state of mind.

Lastly, to the extent Plaintiff seeks any relief with respect to his claim that his trial counsel allowed him to be sentenced despite his medical condition, his counsel is not a "state actor" for purposes of liability under § 1983. Claims of constitutional violations in connection with his criminal conviction are properly asserted by way of a habeas corpus petition, after exhausting state postconviction remedies.

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(ii).

**IN CHAMBERS** this 7th day of March 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**